Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of Columbia

Civil Division

|  |  |
|---|---|
| Matthew F. Fogg <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Jeff B. Sessions <br> U.S. Attorney General <br> Joseph Lazar U.S Marshals Service <br> Carlton Hadden US Equal Employment Opportunity <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case: 1:18-cv-01075 **JURY** <br> Assigned To : Boasberg, James E. <br> Assign. Date : 5/7/2018 <br> Description: Employ. Discrim. <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Jeff B. Sessions |
   | Street Address | US Department of Justice |
   | City and County | Washington DC |
   | State and Zip Code | 20001 |
   | Telephone Number | |
   | E-mail Address | |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name: JEFF B SESSIONS
    Job or Title (if known):
    Street Address: 950 Penn Ave NW
    City and County: Wash, D.C. 20530
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 2
    Name: Joseph Lazar
    Job or Title (if known): EEO Director
    Street Address: 2604 Jefferson Davis Hwy
    City and County: Alex, VA 22301-1023
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3
    Name: Carlton Hadden
    Job or Title (if known): Director, EEOC
    Street Address: PO Box 77960
    City and County: Wash, D.C. 20013
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII 1991 Civil Rights Act (Amended)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The ProSe Plaintiff is filing a civi complaint the appropriate U.S. District Court for the District of Columbia pursuant to receipt of the attached letter from the U.S. Equal Employment Opportunity Commission decision on Reconsideration. The Complainant received the document by regular U.S. Mail on February 10, 2018, which, requires the Plaintiff to file in the appropriate U.S. District Court 90 days after receiving of the EEOC decision. The Plaintiff is allegding discrimination retaliation due to prior EEO activity in the Agency and is asking the the courts remand this Complaint back to the Agency (U.S. Marshals Service) for further processing. The ProSe Plaintiff is requesting this court allow him time to obtain an attorney to continue this process.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 05/07/2018

Signature of Plaintiff

Printed Name of Plaintiff    Matthew F. Fogg

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Matthew Fogg, a/k/a
Harry A.,[1]
Complainant,

v.

Jeff B. Sessions,
Attorney General,
Department of Justice
(U.S. Marshals Service),
Agency.

Request No. 0520180036

Appeal No. 0120150273

Agency No. USM201400443

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120150273 (September 13, 2017). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant is a retired Deputy Marshal, who has not been employed with the Agency since 2008. On April 18, 2014, Complainant filed a formal EEO complaint alleging he was subjected to discrimination on the basis of race (Black) and reprisal when: (1) the Agency failed to process his August 7, 2003 request for EEO counseling based on his allegation that in July 2003, an attorney from the Agency's Office of General Counsel contacted him and threatened to criminally prosecute him if he did not return his credentials; and (2) since 1999, the Agency has refused to implement, or engage in a good faith effort to reach a resolution of, the relief due as a result of his 1999 jury verdict in Civil Action 94-2814 (D.D.C.), and has failed to properly

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                          0520180036

implement the relief and associated benefits as a result of a court judgement dated February 25, 2008.

In its final decision, the Agency dismissed the complaint, finding that claim 1 was barred by laches and claim 2 for lack of jurisdiction, indicating such matters must be raised with the District Court and not through the administrative EEO complaint process. EEOC's previous decision affirmed the dismissal, noting that claim 1 was clearly untimely as it occurred over ten years ago, and that claim 2 was an impermissible collateral attack on the judicial process.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision, and reiterates many of the arguments already made during the original appeal. We emphasize that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120150273 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission. The court has the sole discretion to grant or deny these types of requests. Such requests do not alter

3                                                                                               0520180036

the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

FEB 0 2 2018
Date

4                                                                 0520180036

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Matthew Fogg
2833 Alabama Ave SE #956
Washington, DC 20020

Steve Herrick, Esq.
815 Connecticut Ave NW #720
Washington, DC 20036

Marcus Williams, Director, EEO Staff
Department of Justice
Office of EEO,
2604 Jefferson Davis Highway
Alexandria, VA 22301-1025

FEB 0 2 2018
Date

_____
Compliance and Control Division

Reference #: 0520180036
Matthew Fogg
2833 Alabama Ave SE #956
Washington, DC 20020



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Matthew Fogg, a/k/a
Harry A.,[1]
Complainant,

v.

Jeff B. Sessions,
Attorney General,
Department of Justice
(U.S. Marshals Service),
Agency.

Appeal No. 0120150273

Agency No. USM-2014-00443

DECISION

Complainant filed an appeal with this Commission from the Agency's decision dated September 29, 2014, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

At the time of events giving rise to this complaint, Complainant was a Retired Deputy Marshal. Complainant has not been employed with the Agency since 2008. On April 18, 2014, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the bases of race (Black) and in reprisal for prior protected EEO activity when:

1. The Agency failed to process his August 7, 2003 request for EEO counseling based on his allegation that in July 2003, an attorney from the Agency's Office of General Counsel contacted him and threatened to criminally prosecute him if he did not return his credentials; and
2. Since 1999, the Agency has refused to implement or to engage in a good faith effort to reach a resolution of the relief due as a result of his 1999 jury verdict in Civil Action 94-2814 (D.D.C), and has failed to properly implement the relief and associated benefits due as a result of a court judgment dated February 25, 2008.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                                              0120150273

In its final decision, the Agency dismissed the complaint, pursuant to 29 C.F.R. §1614.107(a)(1), for failure to state a claim. On appeal, Complainant requests that we reverse the Agency's dismissal.

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. Here, regarding claim (1), the record discloses that the alleged discriminatory event occurred in 2003. The record shows that Complainant contacted both the Agency's EEO Office and the Commission and that the Commission instructed the Agency to process his request for EEO counseling. The record also shows that Complainant again contacted the Agency regarding the request for EEO counseling on September 27, 2003. Complainant contends that he contacted the Agency on several other occasions regarding his request for EEO counseling, however he was unable to remember the dates on which these letters were sent or to provide copies of the letters. We note that Complainant has been represented by an attorney and has been involved in active proceedings against the Agency, including a pending class action complaint, since at least 1994.

The Commission has consistently held that a complainant must act with due diligence in the pursuit of his claim or the doctrine of laches may apply. See Becker v. United States Postal Service, EEOC Appeal No. 01A45028 (November 18, 2004); O'Dell v. Department of Health and Human Services, EEOC Request No. 05901130 (December 27, 1990). The doctrine of laches is an equitable remedy under which an individual's failure to pursue diligently his course of action could bar his claim. Here laches applies because although Complainant has shown that he made efforts to file his formal complaint in a timely manner, he failed to show that he followed up with the Agency for more than 10 years. Accordingly, we affirm the Agency's dismissal of claim (1).

As to claim (2), the regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an Agency shall dismiss a complaint that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a) The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994).

Here, the record shows that Complainant is challenging actions related to a civil action decided in a U.S. District Court. The Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another proceeding, in this instance, the United States District Court for the District of Columbia. See Wills v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998); Kleinman v. U.S. Postal Service, EEOC Request No. 05940585 (Sept. 22, 1994); Lingad v. U.S. Postal Service, EEOC Request No. 05930106 (June 25, 1993). Complainant should raise his concerns within that judicial process itself, and not

3                                       0120150273

through the administrative EEO complaint process. Accordingly, we affirm the Agency's dismissal of claim (2).

## CONCLUSION

The Agency's final decision dismissing the complaint is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

4                                                                                              0120150273

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations


September 13, 2017
Date

5                                                                      0120150273

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Matthew Fogg
2833 Alabama Ave  SE  #956
Washington, DC  20020

Steve Herrick, Esq.
815 Connecticut Ave  NW  #720
Washington, DC  20036


Marcus Williams, Director, EEO Staff
Department of Justice
Office of EEO,
2604 Jefferson Davis Highway
Alexandria, VA 22301-1025


September 13, 2017
Date

_____
Compliance and Control Division